# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BOSS AOUAD** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 23-1731** |
| **v.** | : | |
| | : | |
| **JUAN MACHADO,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                      AUGUST 17, 2023

# MEMORANDUM OPINION

## INTRODUCTION

Plaintiff Joseph Boss Aouad ("Plaintiff") filed a personal injury civil action against Defendants Juan Machado ("Machado") and Zoon 123 Transport Corporation ("Zoon 123") (collectively, "Defendants"), for injuries allegedly suffered in a motor vehicle accident Plaintiff avers was caused by Machado while operating a truck during the normal course of Machado's employment.  [ECF 1].

Before this Court is Defendants' motion to transfer venue to the United States District Court for the Middle District of Pennsylvania (the "Middle District") on the basis of *forum non conveniens* filed pursuant to 28 U.S.C. § 1404(a).  [ECF 11].  Plaintiff opposes the motion.  [ECF 12].  The issues raised in the motion have been fully briefed and are ripe for disposition.  For the reasons set forth herein, Defendants' motion to transfer is denied.

**BACKGROUND**[1]

The facts relevant to Defendants' motion to transfer venue are the following:

Plaintiff is a resident of Delaware County, Pennsylvania. Defendant Machado is a resident of Carteret, New Jersey. Defendant Zoon 123 is a business with a registered office for services in Carteret, New Jersey. Machado was employed by Zoon 123 as a truck driver.

On or about June 24, 2021, Defendant Machado was driving a truck owned by Defendant Zoon 123 on Route 176 westbound in Conewago Township, Pennsylvania, (located in the Middle District) during the course of his employment. Defendant Machado allegedly failed to secure his truck load. Three wood boards fell from the truck, striking Plaintiff's vehicle and causing Plaintiff to suffer injuries. Plaintiff asserts Defendant Zoon 123 was aware that Defendant Machado was incapable of safely operating the truck.

As noted, Defendants filed the underlying motion to transfer venue pursuant to 28 U.S.C. § 1404(a) for *forum non conveniens*, arguing that venue is more convenient and appropriate in the Middle District, where the motor vehicle accident occurred.

**LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of transferring venue "is to prevent the waste 'of time, energy, and money,' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26–27 (1960)). In determining whether these factors are present, "the district court is vested with wide discretion," *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d

---

[1] The facts set forth herein are taken from Plaintiff's complaint and the declarations and other evidence submitted with each party's respective briefs.

Cir. 1973), consistent with federal law, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–78 (3d Cir. 1995).

The analysis of a motion to transfer under § 1404(a) generally has two components.  First, both the original venue and the requested venue must be proper.  *Jumara*, 55 F.3d at 878.  Subject to § 1391(b), venue is proper where (1) the "defendant resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred," and (3) the "defendant is subject to the court's personal jurisdiction."   Under  §  1391(c)(2),  a  corporation  "shall  be  deemed  to  reside,  if  a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  Further, "in a State which has more than one judicial district . . . such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."  *Id.* § 1391(d).  If the court finds that the venue is proper, the court must then conduct a balancing test to decide whether the convenience of the parties and witnesses and "the interests of justice would be better served by a transfer to a different forum."  *Jumara*, 55 F.3d at 879; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008).  Although there is no definitive formula or specific list of the factors to consider, when determining whether a transfer is warranted, a court should weigh existing relevant private and public interests in its decision process.  These interests are the following:

> The private interests . . . include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public interests . . . include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious,

> or inexpensive; the relative administrative difficulty in the two fora
> resulting from court congestion; the local interest in deciding local
> controversies at home; the public policies of the fora; and the
> familiarity of the trial judge with the applicable state law in diversity
> cases.

*Jumara*, 55 F.3d at 879–80 (citations omitted).

The party seeking the transfer bears the burden of establishing the need for the transfer.  *Id.*

at 879.[2]  "Transfer is not warranted, however, if the result is merely to shift the inconvenience

from one party to the other."  *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F. Supp. 2d 780, 783

(E.D. Pa. 2001).  "[U]nless the balance of convenience of the parties is strongly in favor of

defendant, the plaintiff's choice of forum should prevail."  *Penn Mut. Life Ins. Co. v. BNC Nat'l*

*Bank*, 2010 WL 3489386, at *8 (E.D. Pa. Sept. 2, 2010) (quoting *Shutte v. Armo Steel Corp.*, 431

F.2d 22, 25 (3d Cir. 1970)).

**DISCUSSION**

Defendants seek to transfer this matter to the Middle District pursuant to the *forum non*

*conveniens* provisions of § 1404(a) arguing that jurisdiction and venue are therein proper.

### *Proper Venue*

As to the threshold inquiries required in a § 1404(a) analysis, this Court finds that venue is

proper in this District because Defendants have effectively waived any argument that venue in this

District is improper.[3]  Further, this matter could have been brought in the Middle District, since "a

---

[2]         "Appropriate supporting evidence includes documents, affidavits, or statements concerning the
availability of materiality witnesses, relative ease of access to evidence, and business or personal hardships
that might result for the moving parties."  *Fellner v. Phila. Toboggan Coasters, Inc.*, 2005 WL 2660351, at
*4 (E.D. Pa. Oct. 18, 2005).

[3]         Improper venue is a waivable defense.  Fed. R. Civ. P. 12(h).  To preserve a challenge regarding
improper venue, a defendant must raise the issue in a responsive pleading.  *Id.* at 12(b)(3).  If the responsive
pleading does not challenge improper venue, the defense is waived.  *Id.* at 12(h).  Further, where a defendant

substantial part of the events or omissions giving rise to the claim occurred" in Dauphin County, Pennsylvania, which is located in the Middle District.  28 U.S.C. § 1391(b)(2).  Plaintiff's claims against Defendants arise out of injuries Plaintiff allegedly suffered in Dauphin County, Pennsylvania, as a result of Defendant Machado allegedly failing to secure the load on his truck. Notably, Plaintiff does not dispute that this case could have been brought in the Middle District. As such, because "a substantial part of the events or omissions giving rise to [Plaintiff's] claims occurred" in the Middle District, venue is also proper in that District.  *Id.*

Having determined that venue is proper in either district, this Court must now consider the *Jumara* private and public factors, and determine whether the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer.

### Balancing Test

#### I.    Private Factors

The *Jumara* private factors include the following factors:  the plaintiff's forum preference as manifested in the original choice; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files cannot be produced in the alternative forum).  55 F.3d at 879.

---

does not "interpose timely and sufficient objection to the venue," the district court retains jurisdiction, even if the venue would otherwise be improper.  28 U.S.C. § 1406(b).  Here, though Defendants filed a Rule 12 motion, they have not moved to dismiss this matter for improper venue pursuant to Rule 12(b)(3).  Instead, Defendants filed the underlying motion to transfer venue pursuant to § 1404(a) for *forum non conveniens*, in which they properly outline the legal prerequisite that venue be proper in the original forum.  Therefore, this Court finds that Defendants have waived any improper venue argument.  As such, venue as to Defendants in this District is proper.  *See Farley v. Cernak*, 2016 WL 162238, at *2–3 (E.D. Pa. Jan. 13, 2016).

*Plaintiff's Choice of Forum*

A "plaintiff's choice of forum is ordinarily entitled to 'paramount consideration,'" *Penn Mut. Life Ins.*, 2010 WL 3489386, at *8 (internal quotations omitted), especially where, as here, the plaintiff has chosen to litigate in its own home forum, *see Am. Argo Corp. v. U.S. Fid. & Guar. Co.*, 590 F. Supp. 1002, 1004 (E.D. Pa. 1984) ("[W]here, as here, the plaintiff files suit in its home forum, that choice is entitled to considerable deference."). The plaintiff's "choice of venue is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred." *Leatherman v. Cabot Oil & Gas Corp.*, 2013 WL 1285491, at *2 (E.D. Pa. Mar. 29, 2013).

Here, Plaintiff resides in Delaware County, Pennsylvania, which is located within this District. As discussed below, however, the operative facts of this case occurred in the Middle District. Accordingly, while the plaintiff's choice of forum factor weighs against transfer, it is not entitled to considerable deference.

*Defendants' Forum Preference*

The second *Jumara* factor, the defendant's forum preference, "is entitled to considerably less weight than plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Morrison v. Lindsey Lawn & Garden, Inc.*, 2014 WL 831570, at *3 (E.D. Pa. Mar. 4, 2014). Defendants have identified the Middle District as their preferred forum, arguing that Plaintiff's negligence claim arises out of a motor vehicle accident that occurred in Dauphin County, Pennsylvania, located within the Middle District. Because Defendants prefer to litigate this case in the Middle District, this factor weighs in favor of transfer. *Id.*

*Whether the Claim Arose Elsewhere*

In their motion to transfer, Defendants argue that the alleged motor vehicle accident underlying Plaintiff's claims occurred in Dauphin County, which is located within the Middle District of Pennsylvania. The police report confirms that the accident occurred in Dauphin County. (Defs.' Mot. Ex. B, ECF 11). Though Plaintiff alleges in his complaint that "[a]ll the claims herein arose within the jurisdiction of the United States District for the Eastern District of Pennsylvania," (Compl., ECF 1, at ¶ 3), he concedes in his response that the accident occurred in the Middle District. (Pl.'s Resp. in Opp., ECF 12, at p. 3). Because Plaintiff's claims arose in the Middle District, and not within the Eastern District, this factor weighs in favor of transfer.

*Convenience of the Parties as Indicated by Their*
*Relative Physical and Financial Condition*

Defendants ask this Court to consider the proximity of the *accident site* to the courthouses in the Middle and Eastern Districts. Such consideration is, however, not relevant to our analysis. Instead, what is relevant is the parties' respective locations. Here, Carteret, New Jersey, where Defendants are located, is approximately 76 miles from the Eastern District of Pennsylvania's courthouse. In contrast, Carteret, New Jersey is approximately 172 miles from the Middle District of Pennsylvania's courthouse. Defendants do not claim that a transfer to the Middle District of Pennsylvania would be more convenient to them for financial reasons. Therefore, this factor weighs against transfer.

*Convenience of Witnesses*

The convenience of witnesses "is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc.*, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001). "Fact witnesses who possess firsthand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis.'"

7

*Coppola*, 250 F.R.D. at 199 (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998)).  However, under *Jumara*, the court should consider this factor only to the extent the witness "may actually be unavailable for trial in one of the fora."  *Jumara*, 55 F.3d at 879. Defendants have the burden to "identify specific nonparty witnesses who may be unavailable for trial" and to explain how "any witnesses will be unable to attend a trial in this District." *Id.*; *Abbott v. CSX Transp., Inc.*, 2008 WL 4522481, at *2 (E.D. Pa. Oct. 8, 2008) (explaining that "[w]hile it may be more convenient for witnesses located in Virginia to testify in Virginia, [d]efendant does not argue that any witnesses will be unable to attend a trial in this [d]istrict").  Moreover, "[a]lthough the convenience of witnesses is an important factor in evaluating a § 1404(a) motion, the significance of this factor is lessened to some degree where, as here, the two fora are adjacent districts in the same state."  *Morrison*, 2014 WL 831570, at *4.

While Defendants have identified various first responders, presumably located in the Middle District, as possible witnesses, Defendants have made no effort to show that the witnesses would be unavailable for trial in the Eastern District of Pennsylvania.  As noted, this factor contemplates the *unavailability* of the witnesses, *not* "simply that the forum is inconvenient for the witnesses."  *Askew v. CSX Transp.*, 2008 WL 4347530, at *2 (E.D. Pa. Sept. 22, 2008). Furthermore, the Eastern District of Pennsylvania and the Middle District of Pennsylvania are adjacent districts, lessening the significance of this factor.  *See Jumara*, 55 F.3d at 882 (finding that "the close proximity of the two fora[,]" the Middle District of Pennsylvania and the Eastern District of Pennsylvania, did "not render one forum significantly more convenient than the other"). Because Defendants fail to show that witnesses would be unavailable for a trial in this District, this factor does not weigh in favor of transfer.

*Location of Books and Records*

As to the final private *Jumara* factor, the location of books and records, "technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis . . . ." *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003). Moreover, "no party contends relevant files could not be readily produced in either forum." *Morrison*, 2014 WL 831570, at *5. Thus, unless hard copies of documents are necessary to this litigation, this factor has a neutral effect.

**II.    Public Factors**

*Jumara* describes the public interest factors to include the following: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two for a resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. 55 F.3d at 879–80.

*Enforceability of Judgment*

Neither party makes any argument as to the enforceability of the judgment.  Regardless, because any judgment rendered by this Court would be equally enforceable against the parties, as would a judgment by the Middle District of Pennsylvania, this factor is neutral.  *See Morrison*, 2014 WL 831570, at *5.

*Practical Considerations that Could Make*
*the Trial Easy, Expeditious, or Inexpensive*

When districts are in close proximity, courts are less concerned that a trial in one district will be more expeditious or less expensive than the other.  *See Jumara*, 55 F.3d at 882 (explaining that "the close proximity" of the Eastern and Middle Districts of Pennsylvania "do not render one forum significantly more convenient than the other"); *Morrison*, 2014 WL 831570, at *5 ("Given

9

the close proximity of the Eastern and Middle Districts and the lack of any showing of inconvenience to particular witnesses whose testimony will be necessary at trial, the Court is not persuaded this case would be tried more expeditiously or less expensively in either district.”).

As noted, Plaintiff resides in the Eastern District of Pennsylvania.  The facts underlying Plaintiff's alleged claim occurred in the Middle District of Pennsylvania.  While it is conceivable that some of the witnesses are likely to be located in or around Dauphin County, Pennsylvania, some witnesses are equally likely to be in or around Delaware County.  These districts are in close proximity to each other such that trial in one fora instead of the other would not necessarily be more expeditious and/or less expensive.  Therefore, this factor weighs against transfer.

<em>Relative Administrative Difficulty in<br/>the Two Fora Resulting from Court Congestion</em>

“Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worthy of great weight.”  *Penda Corp. v. STK, LLC*, 2004 WL 2004439, at *3 (E.D. Pa. Sept. 7, 2004).  Here, neither party has suggested that one of the fora is more or less congested than the other.  Thus, this factor is deemed neutral.

<em>Local Interest in Deciding Controversies at<br/>Home and the Public Policies of the Fora</em>

Generally, “[c]ourts have a local interest in having localized controversies decided at home.”  *Johnson v. Equifax Info. Servs., LLC*, 2017 WL 2779568, at *6 (E.D. Pa. June 27, 2017).  As such “jury duty is less of a burden on the residents in” the Middle District of Pennsylvania “because the action arose [t]here, unlike the residents in the [Eastern] District of Pennsylvania who have no relation to the litigation.”  *Flynn v. eKidzCare, Inc.*, 2019 WL 3759489, at *7 (E.D. Pa. Aug. 9, 2019).  Here, neither party has raised an issue with respect to the public policies of the fora.  Because the motor vehicle accident occurred in Dauphin County, the Middle District would

10

have a greater, but not absolute, interest in resolving the controversy.  Thus, this factor weighs in favor of transfer.

*Familiarity of the Trial Judge with*
*the Applicable State Law in Diversity Cases*

Given that both fora are in Pennsylvania, trial judges in both districts will be equally familiar with the applicable state law, this factor is neutral.

**CONCLUSION**

After weighing the *Jumara* private and public factors, this Court finds that these factors collectively weigh against transfer to the Middle District.  Accordingly, this Court finds that Defendants have failed to meet their burden of showing that the Eastern District of Pennsylvania, Plaintiff's preferred forum, is an inconvenient venue to litigate Plaintiff's negligence claims against Defendants.  Therefore, Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is denied.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.